UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL ANDREW SCUTERI,                    )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )          No. 2:23-cv-00103-MJD-JMS
                                           )
PABLO PEREZ,                               )
JADE REEDY,                                )
CENTURION HEALTH SERVICES, LLC,            )
                                           )
                    Defendants.            )

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Michael Andrew Scuteri, by recruited counsel, moves for an award of attorney

fees following the Court's civil contempt order against Defendants Dr. Pablo Perez and

Centurion Health Services, LLC ("Medical Defendants").  [Dkt. 254.]  For the reasons explained

below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. Legal Standard

"[I]t is within the trial court's discretion to award fees upon a finding of civil contempt."

*Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005); *see also*

*National Labor Relations Board v. Neises Construction Corporation*, 62 F.4th 1040, 1058 (7th

Cir. 2023) ("These fees are regularly awarded in contempt cases.") (collecting cases).

"In calculating reasonable attorneys' fees, the district court should first determine

the lodestar amount by multiplying the reasonable number of hours worked by the market rate."

*Gautreaux v. Chicago Housing Authority*, 491 F.3d 649, 659 (7th Cir. 2007).  "The reasonable

hourly rate used in calculating the lodestar must be based on the market rate for the attorney's

work.  The market rate is the rate that lawyers of similar ability and experience in the community

normally charge their paying clients for the type of work in question." *Id.* "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id.* at 659-60.

## II. Discussion

The Court previously issued a compensatory civil contempt award for Plaintiff against the Medical Defendants in the amount of $6,180.00.  [Dkt. 253.]  The contempt order found that the Medical Defendants had failed to comply with the Court's Preliminary Injunction, which had ordered them to provide Plaintiff with 500 mg of Tylenol three times each day for the remainder of this case.  *Id.* (citing Dkt. 140).

Following the civil contempt Order, Plaintiff moved for attorney fees.  [Dkt. 254.]  In that motion and the attached exhibits, Plaintiff requests that his attorney be awarded $225.00 per hour for 25.4 hours of legal work on the contempt motion, that his attorney's paralegal be awarded $125.00 per hour for 2.5 hours of paralegal work, and that his attorney receive $90.92 in mileage to attend an in-person client meeting at the prison where Plaintiff is incarcerated.  *Id.*; [dkts. 255, 255-1.]  His total fee request comes to $6,118.42.

The Medical Defendants do not contest the award of attorney fees generally or the specific hourly rates for Plaintiff's attorney and paralegal.  *See generally* [dkt. 260.]  Instead, they argue that the amount requested is "excessive" because it "contain[s] work that is not related to Plaintiff's Motion to Enforce Preliminary Injunction."  [*Id.* at ¶ 1.]  The Medical Defendants specifically challenge the following itemized billings:

- 2.4 hours on January 6, 2026, to travel to Putnamville Correctional Facility to meet with client, because counsel should have called his client on the phone.

2

- 0.2 hour on November 25, 2025, to read a three-sentence email from the Medical Defendants' attorney.

- 0.3 hour on December 11, 2025, to exchange and examine brief emails with the Medical Defendants' attorney regarding her request that Plaintiff withdraw his contempt motion, and another 0.2 hour that same day to examine that correspondence.

- 1.5 hours on December 19, 2025, to "[e]xamine legal authorities cited in defendant's response to [the contempt motion]," because the Medical Defendants did not cite any legal authority in their response brief.

- 1.5 hours on January 9, 2026, to review Eighth Amendment case law on qualified immunity, because the Medical Defendants have not asserted qualified immunity in this lawsuit.

- 2.0 hours on January 8, 2026, for "legal research regarding reply in support of [contempt motion]" and another 1.0 hour on January 9, 2026, to "check and update legal authority in our reply requesting sanctions for violation of injunction and complete reply brief."  The Medical Defendants observe that Plaintiff did not cite any legal authority in his reply brief.

*Id.* at ¶¶ 2-7.

The Medical Defendants conclude with the following statement: "Defendants will accept what Order the Court issues regarding reasonable and fair fees to Plaintiff's attorney for prevailing on his [contempt motion], but a review of the fees submitted reveal excessive time for action that simply was not necessitated by the injunction issue." *Id.* at ¶ 8.

3

Plaintiff replies that the prison would not let him hold a video conference with his client and that his decision to travel there for an in-person meeting was reasonable. [Dkt. 263 at ¶ 3.] He argues that reviewing and responding to emails requires "more than a cursory glance, irrespective of how many sentences it may contain," and that in this case, his emails "required assurance that the information was accurate and in line with the Court's Preliminary Injunction." *Id.* at ¶ 4. He concedes that the Medical Defendants' response brief did not include any legal citations but argues that the 1.5 hours billed on December 19, 2025, reflects time spent "reviewing the response in detail, cross-referencing it with the record and medical documentation, and formulating a strategy for the reply. The absence of legal citations in the Defendants' response does not mean less work was required and in fact, required more detailed analysis of the record." *Id.* at ¶ 6. He argues that his research into qualified immunity "was necessary to anticipate potential defenses and to understand the full scope of the legal framework governing the enforcement motion. Legal research is a fundamental part of competent representation, particularly in civil rights litigation where constitutional standards are complex and evolving." *Id.* at ¶ 2. And he argues that the amount of "legal research is not necessarily reflected in the number of citations in the final brief" and that in this case, "[t]he reply brief focused on factual arguments and responses to the Defendants' factual assertions, but research was necessary to ensure the legal framework was properly applied." *Id.* at ¶ 7.

Having reviewed the Parties' briefs and relevant portions of the record, the Court finds that Plaintiff's request for attorney fees is generally reasonable but that the number of hours billed for attorney time should be pared down to reflect work that was actually and reasonably performed in support of Plaintiff's contempt motion.

The Court agrees with recruited counsel that billing 2.4 hours to travel for an in-person meeting with his client was reasonable.  The Court knows all too well that attorneys who have been recruited to represent *pro se* prisoners in this District often encounter difficulties arranging video conferences—and even phone calls—with their clients.  Resolving those difficulties may require substantial attorney or paralegal time, which would cut into the potential cost savings of forgoing an in-person meeting.  Further, there are benefits to meeting with a client in person rather than over the phone.  Meeting a client in person eases communication, shows respect, and fosters trust within the attorney-client relationship.  There is a limit to the length of time an attorney may reasonably spend traveling for an in-person meeting when alternatives are available, and attorneys must use their professional judgment to strike the right balance.  In this case, recruited counsel's decision to spend 2.4 hours traveling to meet with his client in person was a reasonable exercise of his professional judgment and therefore not excessive. Billing $90.92 in mileage to travel from Carmel, Indiana, to Putnamville Correctional Facility, where Plaintiff is incarcerated, is also reasonable.

The Court agrees with recruited counsel that responding to emails is a time-consuming aspect of office work.  Even short emails take time—sometimes more time than longer emails. *See also* BLAISE PASCAL, *Lettres Provinciales*, Letter XVI (1657) ("I have only made this letter longer because I have not had time to make it shorter.").  Here, the Court finds that billing 0.2 hour to review an email on November 25, 2025, 0.3 hour to correspond with defense counsel via email on December 11, 2025, and another 0.2 hour to review earlier email correspondence is not excessive.

The Court agrees with the Medical Defendants that billing 1.5 hours to "[e]xamine legal authorities cited in defendant's response [brief]" is unreasonable in this case because the Medical

5

Defendants' response brief did not actually include any citations to legal authority. The Court also agrees that it is unreasonable to bill 1.5 hours to research qualified immunity for a reply brief when the Medical Defendants have not—indeed, may not—raise qualified immunity in this case. *See*, *e.g.*, *Petties v. Carter*, 836 F.3d 722, 734 (7th Cir. 2016) (en banc) ("qualified immunity does not apply to private medical personnel in prisons"). Finally, the Court agrees that it is unreasonable to bill 2.0 hours for "legal research" and 1.0 hour to "check and update citations" for a reply brief that includes no citations to legal authority. Therefore, the Court will deduct 6.0 hours from Plaintiff's requested attorney time.

### III. Conclusion

In sum, Plaintiff's motion for attorney fees is **GRANTED IN PART** and **DENIED IN PART**. [Dkt. 254.] The Court finds that recruited counsel reasonably billed 19.4 hours of attorney time at a rate of $225.00 per hour, 2.5 hours of paralegal time at a rate of $125.00 per hour, and $90.92 for mileage. The Court makes this finding after deducting 6.0 hours of excessive billing for attorney time. In total, the Court **ORDERS** the Medical Defendants to pay **$4,768.42**. The Medical Defendants shall tender this payment to recruited counsel **within 30 days of the issuance of this Order** and shall file a Notice that they have done so.

SO ORDERED.

Dated:  20 MAR 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email